UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN R. KULAAS,

        Plaintiff,

        v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation doing business in the State of Washington,

        Defendants.

CASE NO. C13-485RSM

ORDER GRANTING MOTION FOR REMAND

This matter is now before the Court for consideration of plaintiff's motion for remand. Dkt. # 11. Plaintiff, appearing *pro se*, filed this action in King County Superior Court on December 29, 2011, seeking benefits under the Underinsured Motorist ("UIM") provision of his policy with defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Dkt. # 3-1. An amended complaint was filed by counsel on March 13, 2013, adding causes of action for bad faith, violation of the Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA"), and violation of the Washington Consumer Protection Act, RCW 49.86 ("CPA"). Dkt. # 5. Defendant removed the action to this Court on March 15, 2013, invoking the jurisdiction of this Court on the basis of the parties' diversity of citizenship. Dkt. # 1. Defendant asserts that the amended complaint was the first pleading which met the jurisdictional

ORDER - 1

minimum of $75,000 set forth in 28 U.S.C. § 1332(b).  *Id*.

Plaintiff has now moved for remand, asserting that removal was untimely under 28 U.S.C. § 1446(b).  Defendant has opposed the motion.  Having fully considered the record and the parties' memoranda, the Court shall grant the motion for remand for the reasons set forth below.

## DISCUSSION

This removal is governed by the former § 1446(b), which states in relevant part,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2011).  This section was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, (H.R.394), Pub.L. No. 112-63 ("JVCA").  The law affects the procedures pertaining to removal, remand, venue and transfer.  Section 1446, as amended, now reads,

> **Except as provided in subsection (c)**, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).  The cited exception states as follows:

> **(c) Requirements: removal based on diversity of citizenship**.—(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

Defendant invokes this section in contending that removal beyond the one-year limit is proper. Defendant argues that plaintiff acted in bad faith by waiting until after December 29, 2012 to amend his complaint to add the extra-contractual claims and raise the amount in controversy above the jurisdictional minimum, and this bad faith creates an exception to the one-year limit under § 1446(c)(1). However, this section, with its bad faith exception, does not apply to this action.

ORDER - 2

The JVCA was signed into law on December 7, 2011. Section 105 provides the effective date:

(a) IN GENERAL.—Subject to subsection (b), the amendments made by this title shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act, and shall apply to any action or prosecution commenced on or after such effective date.

(b) TREATMENT OF CASES REMOVED TO FEDERAL COURT.—For purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court.

Pub.L. No. 112-63 §105 (Dec. 7 2011). The JVCA thus took effect January 6, 2012. It is beyond dispute that under Washington law this action was commenced in state court on December 29, 2011, so the JVCA and its bad faith exception to the one-year rule do not apply here.[1]

Defendant acknowledged in the Notice of Removal that the former § 1446(b) applies, but argues nevertheless for retroactive application of the bad faith exception, or for an equitable exception. Notice of Removal, Dkt. # 1, ¶ 14. However, he has cited absolutely no Ninth Circuit authority for either proposal, and this Court declines to create an equitable exception to a now-superceded statute.

Nor has defendant actually demonstrated any bad faith on the part of plaintiff. Defendant contends in opposition to plaintiff's motion for remand that at the time the original complaint was filed, the case was not removable because the amount in controversy was at most $50,000, representing the difference between the UIM policy limit of $100,000 and the $50,000 that had already been paid to plaintiff. Defendant's Response, Dkt. # 14, pp. 6-7. After plaintiff retained counsel in May, 2012, plaintiff began discovery related to possible extra-contractual claims. *Id*., p. 7. Defendant answered and objected to these discovery requests in June, 2012. *Id*. "Yet, counsel waited until January 2013 to start alleging bad faith and extra-contractual claims, all without identifying any basis for such claims." *Id.* According to defendant, "[t]he only logical explanation for this delay is that Kulaas, by and through counsel, was trying to prevent removal in bad faith." *Id*.

---

[1] In an earlier Order to Show Cause, the Court cited the current language of § 1446. Dkt. # 8. This citation was based on incomplete information regarding the filing dates for the original and amended complaint, and was not dispositive on the question of the applicability of § 1446(c)(1).

ORDER - 3

This Court cannot find bad faith on the basis of defendant's conclusory assertion that this is "the only logical explanation." Bad faith in the context presented here has been identified as "where a Plaintiff pleads in such a way as to avoid federal jurisdiction, but does so knowing that the claims made actually seek an amount above the jurisdictional threshold." *Bonnel v. Best Buy Stores*, 881 F.Supp.2d 1164, 1169 (N.D.Cal.2012); citing *Lowdermilk v. United States Bank National Association,* 479 F.3d 994, 1001 (9th Cir.2007).[2] Defendant cannot argue that plaintiff in his original complaint knowingly pled an amount less than the jurisdictional amount in order to avoid federal jurisdiction; to the contrary, defendant has repeatedly asserted that the original complaint only demanded $50,000 and was therefore not removable. "Mr. Kulaas and his counsel were always aware that the amount in controversy prior to the Amendment was $50,000, not $100,000." Defendant's Response, Dkt. # 14, p. 5. "Therefore, the dispute was over the remaining $50,000.00 limits until Kulaas amended in 2013 to assert extra-contractual claims." *Id*., p. 6. Defendant's "logic" argument notwithstanding, the 2013 amendment does not demonstrate bad faith.

In his motion for remand, plaintiff makes the misplaced argument that removal was untimely because the case was removable from the time it was filed in December 2011. "The issue of removal was ripe from December 29, 2011 through December 29, 2012. There was absolutely nothing preventing State Farm from removal during the governing time." Plaintiff's Motion for Remand, Dkt. # 11, p. 1-2. This is incorrect, as defendant has properly demonstrated that the amount in controversy in the original complaint was the UIM policy limit remaining after defendant paid plaintiff $50,000. Therefore the case was **not** removable until plaintiff amended to add the extra-contractual claims. But the timing of that amendment does not suggest bad faith. Where the amendment followed a period of discovery that developed evidence to support plaintiff's extra-contractual claims, there is no reason to assume that bad faith is the "only logical explanation" for the timing. As plaintiff explains, "only after such discovery did plaintiff [sic] counsel feel that he had a factual and legal basis to move to amend to

---

[2] *Lowdermilk* was decided in the context of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(1), which establishes the jurisdictional amount and diversity requirement for class actions, but the same standard for bad faith would apply to a diversity case brought under § 1332(a).

ORDER - 4

add extra contractual claims." Plaintiff's Reply, Dkt. # 16, p. 3.  This explanation refutes defendant's allegation that the amendment was made in bad faith.   Indeed, plaintiff's care in determining a factual and legal basis for the additional claims suggests proper practice, not bad faith.  See, Fed.R.Civ.P. 11 (b)(1) - (3).  Further, the fact that the state court granted plaintiff's motion for leave to amend over defendant's strenuous opposition is another basis for finding no bad faith.  *See*, Declaration of Kevin Kay, Dkt. # 3, Exhibit 21.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir.1999).  Any doubt as to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990).   Defendant's conclusory allegation of bad faith on the part of plaintiff wholly fails to meet this burden.

Nor can the Court find any equitable exception to the one-year limit on removal under the circumstances here.  Neither Congressional intent nor the aim of conservation of judicial resources would be served by allowing this case to proceed in federal court.  The one-year limitation in the former § 1446(b) was added by Congress as part of the Judicial Improvements Act of 1988. The House Report on that act states:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. . . . Removal late in the proceedings may result in substantial delay and disruption.

H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33.  As one court has noted, "Most importantly, in amending § 1446(b), Congress appears to have expressed the opinion that a diversity case which has been before a state court for more than one year should stay there."  *Phillips v. Allstate Insurance Co.*, 702 F. Supp. 1466, 1470 (C.D.Cal. 1989).

ORDER - 5

CONCLUSION

This case was filed in state court on December 29, 2011, and was commenced under state law on that day. Defendant removed the case to this Court on March 15, 2013. The former 28 U.S.C. § 1446(b), set forth above, governs the removal. The case as stated in the original pleading was not removable, as the amount in controversy was less than the jurisdictional amount. The amended complaint contains extra-contractual claims with provision for enhanced damages, raising the amount in controversy above the jurisdictional minimum. However, the one-year limit on removal set forth in § 1446(b) expired December 29, 2012 so defendant's removal was untimely. The Court finds no bad faith or equitable exception to the one-year limit here.

Accordingly, plaintiff's motion for remand is GRANTED and this case is hereby REMANDED to the King County Superior Court under Cause No. 11-2-44625-5 KNT. The Clerk shall close the file and send a copy of this Order to the Clerk of the King County Superior Court.

DATED June 11, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6